```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

VICTOR FIGUEROA and FRANCES PALACIO,

    Plaintiffs,

 v.

CITY OF CAMDEN, et al.,

    Defendants.

HON. JEROME B. SIMANDLE

Civil No. 09-4343 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE**, Chief Judge:

 This matter is before the Court on Defendant Arturo Venegas's motion for reconsideration [Docket Item 50.] The Court finds as follows:

 1. Plaintiffs Figueroa and Frances Palacio filed suit alleging that two Camden police officers used excessive force in violation of the Fourth Amendment and that Defendants City of Camden and Arturo Venegas, the acting director or chief of police for the Camden Police Department, were liable under theories of municipal and supervisory liability. Figueroa v. City of Camden, No. 09-4343, 2012 WL 3756974, at *1, *7 (D.N.J. Aug. 28, 2012); see also Docket Item 45. This Court denied Defendants' motions for summary judgment. Figueroa, 2012 WL 3756974, at *11.

 2. Regarding Defendant Venegas, on the issue of supervisory liability, the Court concluded

  that the record contains at least a disputed fact over

>    whether Defendant Venegas had primary responsibility
>    for training and discipline of Camden Police Officers
>    for at least a year prior to the events at issue in the
>    instant matter in August of 2007, and is therefore
>    liable under a theory of supervisory liability for
>    Plaintiffs' injuries caused by the Camden Police
>    Department's custom or policy of tolerating
>    unconstitutional conduct by its officers.

Id. On the issue of qualified immunity, the Court concluded:

>    [g]iven the scope of Venegas's responsibilities under
>    his supercession executive agreement with the County,
>    and the context in which he was brought to oversee the
>    Camden Police Department, including the Attorney
>    General's letter, the Court concludes that a reasonable
>    supervisor would have known that disclaiming all
>    responsibility for duties such as discipline and
>    training of police officers would be deliberately
>    indifferent to the possibility of undisciplined
>    officers effecting arrests with excessive force.
>    Whether Defendant Venegas took meaningful steps to
>    improve officer training regarding reasonable force in
>    arrests and to improve internal disciplinary
>    investigations and measure during the year leading up
>    to the incidents complained of herein is not in the
>    present record. Accordingly, the Court will deny
>    Defendant Venegas's motion for summary judgment.

Id.

   3. Defendant Venegas (hereinafter "Defendant") moves for reconsideration, under L. Civ. R. 7.1(i). The rule provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of an order or judgment on the original motion" and that the movant must provide a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." L. Civ. R. 7.1(i).

   4. Defendant claims that "recent deposition testimony of

Christine Tucker, Business Administrator for the City of Camden, . . . confirms that Venegas was not responsible for the discipline of rank and file officers during Supercession" and therefore denial of summary judgment on the issue of supervisory liability was improper. [Docket Item 50-1 at 3.] He also asserts that Tucker's deposition demonstrates "that Venegas not only made various recommendations to the Camden County Prosecutor on the issue of officer training, but also took meaningful steps to improve the same," and therefore denial of qualified immunity was improper. [Id. at 4.] To support this claim, Defendant attaches several reports he wrote to the Camden County Prosecutor, or acting prosecutor, in 2006 and 2007. [Id. Ex. C-H.] Defendant requests this Court to "reconsider its Order denying him summary judgment so as to correct a clear error of fact and/or prevent manifest injustice." [Id. at 7.]

5. A decision "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Movants seeking reconsideration on the basis of newly discovered evidence must

show that "through the exercise of due diligence, the evidence was not and could not have been discovered in time to produce it" prior to the court's rendering of judgment. Bosco v. C.F.G. Health Systems, LLC, No. 04-3517, 2007 WL 1791254, at *2 (D.N.J. June 19, 2007) (quoting Hewlett-Packard Fin. Servs. v. Metairie House of Printing, Inc., No. 04-4548, 2005 U.S. Dist. LEXIS 33464, at *5 (D.N.J. Dec. 15, 2005)). Movants seeking reconsideration for reasons other than the availability of new evidence or an intervening change in law will succeed only when "dispositive factual matters or controlling decisions of law were presented to the court but not considered." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995). The court may not be directed to "matters which were not originally presented, but which have since been provided for consideration." Id. (quoting Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988)). Reconsideration of a judgment after its entry is an "extraordinary remedy" and is to be granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

     6. Defendant's motion for reconsideration is deficient and must be denied because Defendant's motion relies completely on deposition testimony and other documents that were not originally presented to this Court but do not fit the within meaning of "new evidence." Tucker's deposition was taken on July 26, 2012 - one

month before this Court issued its Opinion and Order denying summary judgment - in connection with In re Camden Police Cases, No. 11-1315 (D.N.J. docketed Mar. 14, 2011), to which Venegas was a defendant. The supporting documents are reports or other correspondence that Defendant himself wrote to the Camden County Prosecutor in 2006 or 2007, but which were not attached to Defendant's motion for summary judgment. Defendant does not explain in the present motion why these documents were not, or could not have been, presented to the Court for consideration of the summary judgment motion. Defendant does not explain why Tucker's deposition testimony could not have been brought to the attention of the Court, or why Tucker could not have submitted a separate affidavit in support of his motion for summary judgment in a timely manner. The Court need not consider "matters which were not originally presented, but which have since been provided for consideration." Khair, 893 F. Supp. at 337.

7. Denying the motion for reconsideration will not result in "manifest injustice" because the Court's denial of summary judgment was interlocutory and neither terminated claims on the merits nor assigned liability to any party. See Gen. Refractories Co. v. First State Ins. Co., No. 04-3509, 2012 WL 1570879, at *1 (E.D. Pa. May 4, 2012) (explaining that because a denial of summary judgment "decides only one thing - that the case should go to trial," the previous judgment did not result in manifest

5

injustice warranting reconsideration). A denial of reconsideration does not prevent Defendant from seeking to present any or all of the evidence attached to the present motion in his defense at trial.

8. Even if the Court were to consider the evidence, the deposition and documents merely would confirm a dispute of fact on the issue of supervisory liability. Summary judgment must be denied "if the evidence permits a reasonable jury to return a verdict for the non-moving party, accepting its evidence as true and drawing all justifiable inferences from the evidence in its favor." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998). As this Court noted in its previous Opinion, accepting the plaintiffs' evidence as true, Defendant's Consulting Agreement shows that Defendant's duties included "implement[ing] a system of progressive discipline," and those duties could not be assigned to any other person without the written approval of the County. Figueroa, 2012 WL 3756974, at *10-*11. Defendant's evidence to the contrary is not dispositive and merely would have underscored the dispute of material fact. A denial of summary judgment on the issue of supervisory liability would have been proper even with this evidence.

9. On the issue of qualified immunity, Defendant effectively seeks to augment the record to support his motion for summary judgment. Defendant does not argue that the Court made a clear

6

error of law or fact based on the record before it at the time of judgment, and, as explained above, it is improper for the Court now to consider documents written by the Defendant five or six years before the Court's Opinion and Order denying summary judgment, when those documents were not presented to the Court and no explanation has been provided to explain their absence.

    10. The Court will deny Defendant's motion for reconsideration. The accompanying Order will be entered.

**December 4, 2012**                **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                                 Chief U.S. District Judge